**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jonathan PINEDA–DIAZ, Defendant–Appellant.**

**No. 05–40935 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 20, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Larry Chris Iles, Rockport, TX, for Defendant–Appellant.

1. Section 547(b) provides:
 [T]he trustee may avoid any transfer of an *interest of the debtor in property*—
 (1) to or for the benefit of a creditor;
 (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
 (3) made while the debtor was insolvent;
 (4) made—
 (A) on or within 90 days before the date of the filing of the petition . . . and

 (5) that enables such creditor to receive more than such creditor would receive if—
 (A) the case were a case under chapter 7 of this title;
 (B) the transfer had not been made; and
 (C) such creditor received payment of such debt to the extent provided by the provisions of this title.
 11 U.S.C. § 547(b).

574

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Jonathan Pineda–Diaz appeals his jury trial conviction for possession with intent to distribute marijuana and conspiracy to possess marijuana thusly. He contends that reversible error resulted when the government, while cross-examining him, referred to out-of-court statements of a co-conspirator who was not present to testify. Pineda objected to the line of questioning, and the district court sustained his objection.

Assuming without deciding that the questioning was improper, we conclude that "the evidence as a whole before the jury was sufficiently convincing of guilt as to overcome any error committed by the government during its cross-examination." *See United States v. Smith–Bowman,* 76 F.3d 634, 636–37 (5th Cir.1996); *United States v. Pepper,* 51 F.3d 469, 472 (5th Cir.1995). Accordingly, any error resulting from the prosecutor's cross-examination was harmless. Pineda's conviction and sentence are

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.